IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>CLAY BRANDON MORTON,<br><br>*Defendant.* | Case No. CR-21-033-RAW |

## PRELIMINARY ORDER OF FORFEITURE

Before the Court is the Motion and Brief of the United States for a Preliminary Order of Forfeiture, filed July 7, 2021. The Court finds that, as a result of the defendant's guilty plea to Count 1 of the Indictment in which the government sought forfeiture, Clay Brandon Morton shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, any and all of the defendant's right, title and interest in:

a. any visual depiction described in section 2251, 2251A, or 2252, 2252A, or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of the offense or any property traceable to such property.

The property subject to forfeiture, pursuant to Title 18, United States Code, Section 2253, includes, but is not limited to:

- One (1) Samsung Galaxy S7 cellular phone, IMEI 352326080881751;
- One (1) Samsung Galaxy S5 cellular phone, MEID 256691547407368740;
- One (1) Acer laptop computer, S/N NXGHJAA00273411CE47600;
- Two (2) SanDisk SD cards, S/Ns BH1124121911G and BE1008514689D;

1

- One (1) Toshiba Satellite laptop computer, S/N 9D216971Q;
- One (1) Gateway laptop computer, S/N NUWZMAA00623714FF57614; and
- One (1) HP laptop computer, S/N CND9150SDI.

The Court has determined, based on defendant's plea, that the above specific property ("Subject Property") is subject to forfeiture pursuant to Title 18, United States Code, Section 2253, and that the government has established the requisite nexus between the property and the offense.

Upon entry of this Order, the United States is authorized to seize the listed property in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with Title 21, United States Code, Section 853(n) governing third party rights, including giving notice of this Order.

The United States shall publish or post notice, in accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, of this Order and the United States' intent to dispose of the property in such a manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. Title 21, United States Code, Section 853(n)(1).

Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the Subject Property, and for an amendment of the Order of Forfeiture, pursuant to Title 21, United States Code, Section 853(n)(2)-(6).

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing [or before sentencing if

the defendant consents] and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioners acquisition of the right, title, or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought. Title 21, United States Code, Section 853(n)(3).

The United States shall have clear title to the Subject Property following the Court's disposition of all third party interests, or, if none are asserted, following the expiration of the period provided in Title 21, United States Code, Section 853(n) for the filing of third party petitions. Title 21, United States Code, Section 853(n)(7).

The Court shall retain jurisdiction to enforce and amend this Order as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

**Dated this 8th day of July, 2021.**

_____
RONALD A. WHITE
United States District Judge